Those attorneys who are going to argue, please approach the podium, introduce yourselves to the court. Good morning, Justices. My name is Paul Feinstein. I represent the appellants. Melvin Burks of the firm of Deutsch, Levy & Engel, and I represent the appellee. Okay. Appellant, reserve from your 15 minutes whatever portion you'd like for rebuttal. Both of you will have a total of 15 minutes. I'd like to reserve five minutes for rebuttal. Okay. You may proceed, sir. Thank you. Again, may it please the court and counsel, my name is Paul Feinstein, and I'm pleased to represent the appellants. 22-year-old Michael Vondra and 20-year-old Nicholas Vondra. Justices, the primary legal issue to be determined is, should a statute which has been enacted to protect children of divorcing parties be allowed to be used by those children for whom it was enacted under these circumstances? We say the answer is yes. The case law that already exists has established that when there's a marital settlement agreement, clearly an adult child has standing to enforce that under the doctrine of third-party beneficiary. Is there a decree of dissolution that's been entered? There is not, Justice. The matter is still pre-decree. All issues remain pending. No settlement agreement has ever been signed. You're correct, Justice. So, therefore, nothing at this time involves educational expenses for the children? No ruling has been made. All of the dissolution, multiple issues, property support, attorney's fees and such, all remain pending. The trial has not yet been set. Counsel, would that suggest that an adult child at any time would have standing in divorce proceedings? I believe, Justice, under the circumstances here, when you apply the Joinder statute or the intervention statute, that a case could be made for that, which is what we believe is the case here. Are you saying that they do have a right to intervene provided there's a sufficient factual basis? Yes, provided there's... Tell us what facts you have. The facts in this case are that, first of all, the father, David Vondra, has steadfastly denied any liability for college. It's not a situation where he's saying, well, I don't know how much I can afford. These are good boys. They deserve this education. Not sure how much I should have to pay. Not sure how much Mrs. Vondra should have to pay. But rather, these kids hate me. They're alienated. It's Mom's fault. I don't have to pay anything. I think those are, Justice, very significant facts in this case that require their intervention or Joinder, and that deals with the adequacy of interest. What is the basis of the children of this marriage? What is the basis of their feeling insecure that Mom is not going to forge ahead and obtain this relief that they think they are entitled to? Well, quite frankly, and my clients appreciate that Mrs. Vondra at this time filed a motion. It's a pre-decree motion for contribution. But given that domestic relations proceedings are inherently multiplicity, multiple issues, as I said, college, maintenance, property, debt, attorney's fees, and all that, and that all remains pending, we don't know that Mrs. Vondra is going to continue to go ahead and say these children should not have to pay. For example, since there are many issues, a situation may come up, she could give up her right to the contribution because it's just one of these many issues, for more maintenance or more property or contribution to fees or those sorts of things. Again, since it's pre-decreed. Are you speculating now? There's something in the record that shows that. Well, quite honestly, I guess, Justice, I am speculating in the same way that the trial court speculated that Mrs. Vondra would be adequate. Remember, the statute doesn't require that the representation is inadequate, but is or may be. May by itself looks prospectively to what could happen in the case. Okay. I may have cut you off when you were reciting the facts upon which you feel they have a right to intervene. You've already told us that Dad has vehemently stated he doesn't want to supply college expenses. What other facts are there that were brought to the court's attention that we should consider? The other facts are, in fact, both parties have alleged through the pleadings that my clients have certain financial resources. Now, that kicks Section 513 into gear because Section 513 requires the court as relevant factors to determine the financial resources of the children. So that points the arrow, as it were, right at my clients to the degree that the trial court ultimately doesn't require either parent or both parents together to contribute 100%. That, in essence, is an order to my clients saying you've got to pay the rest. We're just saying before you do that, before we're ordered to pay money, we should be parties. We should be allowed to participate. Well, this is all forward-looking because the parties themselves to the divorce cannot make up their mind and come to conclusions, and the court hasn't insisted or ruled on any of those in any way. Correct? The court is correct. And that's why we're doing it pre-decree as opposed to waiting for something to happen and then not be timely. Well, but aren't you protected by Section 513a? It says that there is constant modification in these cases as they go along for child support, for example, based on the condition of the family, based on the condition of the income, based on the needs of the children. So 513a.2 says the court may also make provision for educational expenses of the child or children of the parties, whether of minority or majority age, and an application for educational expenses may be made before or after the child has attained majority. And then in the marriage of Lafrade, the court says orders are entered pursuant to Section 513 are always modifiable. So don't you have a flexible mechanism here? There's nothing in place yet that has jeopardized these young men at all, who, by the way, the record shows already have some income and some money of their own. I understand your point, Justice Simon. But the problem with 513, and as my lawyer and counsel pointed out, that it is in the nature of child support and it's therefore modifiable, but it's generally modifiable upon a change of circumstances. Now, if there is no change of circumstances from that which happens at the time of the trial, there really isn't a basis to do that. And you also have to do it now on a timely basis because the Supreme Court, a couple years ago in the Peterson case, sort of threw a wrench into all kinds of future college planning by saying it's really a modification. So if you don't file until after the expenses are accrued, you're out of luck, which again is why we addressed it now. Peterson says, the judgment of dissolution in marriage did not determine whether the parents were required to pay the college expenses of the children, a form of child support, but reserved the issue to be decided in the future. A wife's petition for allocation of college expenses was in the nature of a modification of child support under Section 515. The court subsequently held under 510 that requires contribution expenses by the non-moving party and that the trial court entered in ordering payment of college expenses that predated the notice of filing. Aren't we too far ahead of what's going to be going on here? Aren't your clients already protected? I don't think so, Justice, because you've said it yourself by quoting the Supreme Court. If we have to wait until the divorce case is done and then file our own petition, most likely these children are already through college. And then they risk the court saying, well, you didn't do it in a timely fashion. So you're saying this is good lawyering by objecting now and complying with what Peterson seems to demand? I would submit that, Your Honor. Thank you for the question. Counsel, let me ask you, what's the standard of review? Are we talking about a de novo review of a statutory interpretation or an abuse of discretion of the ruling of the trial court as to the intervention? It's very interesting as I went through this, Justice, because while we've stated that it's an abuse of discretion in terms of the intervention aspect of it, the cases have said that the court's discretion is limited. I think the issues of timeliness, which isn't really an issue here, adequacy of representation, and possibly sufficient interest. But the interesting thing about both these statutes is they have mandatory aspects. So if a trial court violates something that is mandatory, that by itself constitutes an abuse of discretion. And we have maintained that the court did not adequately assess really the four areas in which jointer or intervention could have happened, either the mandatory or the permissive. The question, going back to Section 513, now, since as we've established there's not a marital settlement agreement, does 513 itself provide the same standing without an agreement? And we're talking about not bringing an action, which standing to bring an action is a different analysis, but jointer or intervention, which are determined by these statutes. The trial court, from my reading of the record, the trial court stated 513 did not, the Marriage Act did not allow this action by your clients. The trial court said that? Yes. Which I believe, right, which I believe, Justice, is a misapplication of 513. If the courts here were determining whether or not the trial court made a misapplication of the law or correctly followed it, that would be a de novo review. That aspect of it would be de novo. Exactly, Justice. And as I've maintained, when you look at the whole issue, going back to the cases that Mr. Burke cited about when there's a marital settlement agreement and why children are allowed in there, because they're beneficiaries, clearly. And when you look at 513, I find it hard to imagine that the legislature did not intend for the children to be beneficiaries, number one, because they're the sole reason 513 exists, and secondly, because it provides that the educational expenses may be payable directly to the child, as well as under the circumstances to the school, to the parent, what have you. So you have a statute that says you can pay directly to the child. That, to me, makes the children a direct beneficiary of the statute, and then puts Section 513 in the same position as the marital settlement agreements under the cases that currently exist. Don't those apply only, for example, in the Orenmiller case? It depends upon what's already been determined to be agreed to by parents. Pre-existing agreement. Pre-existing. Well, that was in those cases where there was an agreement. So they were beneficiaries of the contract. My position is we're beneficiaries of the statute. The other important legal aspect. If you do that, that means that in every matrimonial case where there are children involved, they can intervene in the case. I know that counsel has taken that position. I think the trial court had that concern, and intervention is a case-by-case basis. I believe under the facts of this case that intervention or joinder is proper. So what's so unusual and unique in this particular case, other than the fact, which is not unique, of the respondent father saying, I don't want to pay college expenses? Well, I think that is somewhat unique, Justice, actually. That's unique. Despite the fact. I practiced divorce law for 13 years. I don't think it's that unique. Well, I've practiced for now 33 years. I appreciate that. But normally, my experience has been they'll say, look, I can pay a certain degree. I don't know how much. Judge, you decide. They don't say, I hate the kids. The kids hate me. I'm not going to pay anything. It's somewhat of a ludicrous position. Particularly, though, as it relates to this where you have emancipated minors. So what's the exigency here? Yeah, what is the exigency? The exigency is that they are going, that a determination is going to be made in the trial court using the factors, using statutory factors that affect them, such as their resources, such as their academic performance, all those things. And they're not going to be allowed to participate. They could be called as witnesses by either of the parties. Nothing stops that. So if they're going to be brought in anyway, why shouldn't they simply be parties, simply have a voice and an opportunity? They would have had it when they were minors. Section 506 now has been amended since all of this case law that had come out in 97 and 99 to allow for representation of the children, these are minor children, whenever the issue of support, their property, or educational expenses come out. And that, to me, is a very important public policy determination by the legislature. And you cannot have a statute that benefits these people and then they lose it when they turn 18, even though there's another statute that is really a bridge. 513 is the bridge from the child support statute. That depends on losing the benefits depends upon what's agreed to and the dissolution of the divorce. There is a distinction between the minors and emancipated minors here. There is, but they're still children. Adult children may be somewhat of an oxymoron, but 513 exists to protect adult children. As far as the mother's position, though, you haven't really shown that she's adverse to the children, but she is pursuing their interest, is she not? As of now, she's filed the motion. That's right. But, again, looking to the statute as to whether it may be, and, again, I have to do some prognostication, but that's somewhat my job as the children's attorney here. How do I know that at some point she might, let's say, claim a privilege? What? I don't know. Mental health privilege, attorney-client privilege, or something like that, and the trial court says, okay, we know the law on this. You can claim your privilege, but you can't use it as a sword instead of a shield, and you can't pursue certain things, such as this motion. The motion may drop off, and, as I said, the motion could drop off for a million other reasons. But if that happened, wouldn't you be in a better position than you are now? Well, but we're not parties, so we might not even know that it happened. That's the problem. We just want to be parties. We just want to be invited to the party, so to speak. Can you get notice without being a party? Can we get notice? They're not required to give us notice. Well, we could speculate, but you're either somewhat, you're parties or you're not. Well, this is something that is not uncommon in most divorce cases. So it will be determined by the matrimonial division of the court. But without? The statute doesn't do what the court must do. The court must determine whether or not the needs of the minor will be met and how it will be met. The parties to the divorce have to agree if they wish or fight it, and then there will be a resolution. But the statute doesn't do that. It just gives parameters about how you adjust things as you go along. And under Peterson, the mechanism by which you can try to have a third-party beneficiary provision enforced, as you wish to do now, but is premature at this time. Well, I respectfully disagree with you, Justice, as to it being premature because 513 exists to take care of it pre-decree when the parties are being divorced. 513 says you can modify it, but right now there's nothing to modify. No, but 513 also allows for the initial order of college, and that's what we're looking at. We're not looking at the modification. For emancipated minors? Yes, that's what 513 provides. It's an important, and not every state has this. That was a very important part of the Marriage Act. From the date of the first petition. From the date of the first petition. So it has to be done. It has to be triggered, and it hasn't been triggered. Well, it has because, well, we're seeking to. Mrs. Vondra has filed a petition, and we are seeking to come in and participate in that as well and ask for whatever relief the court might grant us if we are granted party status. Which will moot this. Foot in the door. No, it wouldn't moot this. We need to be parties. Once we're parties, then we can deal with it. We can ask for relief under Section 513. What evidence, if any, did these adult children show the trial court that mom was inadequately representing their interests? It was, first of all, Justice, it was not an evidentiary hearing. Well, it was alleged. Right. We came in that day and the court had already written up a decision. What was alleged was as to the various pleadings that were filed and that they were situated. See, the representation is not the only door in. You know, under 408, it's mandatory also if the applicant is so situated to be adversely affected by disposition of property subject to the control of the court. Yes. That's a separate thing. It's not helping your position, sir. Right. And I think it would help your position if you could identify to me what inadequacies mom has shown in representing these adult children's interests. Well, she has her own interests is the problem. As I said, she's filed the motion so far. That's great. That's all we have so far. There is so much to go in the case. That's why, Justice, I'm relying on the language, you know, will or may be bound by an order. Representation is or may be inadequate. We know clearly father's representation is strongly adverse. And, you know, they need a voice. The court needs to hear from them as to why certain resources of themselves need to be saved for other things, why they should have this contribution. Okay. I'd like you to have some appropriate time for rebuttal. Certainly. So if you could conclude. Certainly. Again, Nicholas and Michael are extremely grateful for this opportunity the court has provided. They believe, as I do, this is an important issue. And they respectfully pray that this court, as it were, give them a ticket to the party, reverse the trial court, allow them party status. Thank you. Thank you. Good morning, Your Honors. Melvin Burks on behalf of the epilogue. The children of the parties involved in this dissolution of marriage proceeding have no specific rights afforded to them in the Illinois Marriage and Dissolution of Marriage Act. And contrary to the statements made by appellant's attorney in his brief, the court has no jurisdiction over funds set aside for educational purposes of the children. Now, the divorce court cannot order the use of those funds towards any educational expenses. The court can, however, consider the existence of those funds in determining whether they should enter an order relative to both parties, relative to the contribution toward the education. But the court has no right to deal specifically with any of those funds. Also, the children of the parties to a dissolution of marriage matter, absent a contractual obligation under the law, have no standing to intervene in a dissolution of marriage proceeding. They have no rights to enforce, and therefore they have no standing. The case law is quite clear, and I've cited Spierkoff, two Miller cases, a third district, and a first district. I've cited Orr. In fact, in the third district Miller case, in some interesting language, the issue was whether a child of divorced parents had standing to bring a suit under the Illinois Marriage and Dissolution of Marriage Act to compel his divorced parents to fund his college education. And the court stated that the child did not have standing, and specifically stated that the act establishes rights and obligations to those terminating a marriage, and nothing in the act suggests that anyone other than one of the parties can petition the court for relief available under the act. Was that a minor child, or was that an adult child in Miller? I believe it was an adult child. Yes, it was an adult child in Miller that filed. Now, Miller is significant in emphasizing that the act does not confer any right of the children of divorced parents, or to be divorced parents, which is the situation we have here, to pursue contribution for their own college expenses. In the Orr case, the issue was a marital settlement agreement which specifically required the father to contribute to the son's college education. The court found in that case, as a result of the marital settlement agreement, a contract between the parties, the child had standing to pursue this issue only as a third-party beneficiary. That's a contractual status. Therefore, as stated in Spirokov, a third party who is the direct beneficiary of a contract, the marital settlement agreement, has standing to enforce the obligation for his benefit incurred under that contract. Conversely, then, if there is no contract, there cannot be a third-party beneficiary. If there's no third-party beneficiary under these cases, there cannot be any standing. And if there's no standing, there is no right to petition to intervene. Counsel, can I ask you a question? Let's say we've got a kid who's 18 years old. That's an adult. He's in junior year of college. His parents are getting divorced. Very unamicable divorce. Parents both decide, I'm not paying any more for tuition for this kid. You mean to say that child wouldn't have a right to be heard? Based upon the law as it is right now, I don't believe that child would have a right to be heard. Unless, of course, and you're talking about a divorce judgment that had previously been entered? No. Or it's still a pending case? I don't believe that. The statute does not afford any direct benefits to the child and basically gives them no standing. I understand that, but is that an equitable thing, do you think? Well, it's equitable. It may be inequitable in certain fashions, but there's a balancing act that has to be done here, and I plan on going into that argument relative to the problems that would be caused, in my belief, if, in fact, we change things and allow children to be involved. I can go right to that in response to your question. The appellant acknowledges in his brief that allowing adult children to intervene in their parents' divorce case could, quote, lead to bitter disputes, end of quote. But he says allowing the children to intervene doesn't mean every child will intervene. That's not a very realistic conclusion. I've been practicing divorce law for 50 years, 50 years of divorce law. I've seen every aspect of it, and I've seen the bitterness that develops and the bitterness that children are taught to feel toward one of the parents. If the opportunity, if the door is open for children to intervene in any proceeding, the floodgates will be open, and there's no doubt in my mind that would happen. We'd start with maybe educational expenses, then we'd be talking about child support situations, and virtually every case, or 90% of the cases, have children involved in their child support issues, and the same argument can be made that the amount of child support my mother or my father, whoever the custodial parent is, receives will directly benefit the child, obviously. And therefore, I want to intervene, and we will have mothers or fathers, whoever the custodial parent, encouraging the children or, in most cases, paying for representation there to make it into a total three-ring circus. We have a three-ring circus here, and I think the court, in examining the record, can see that. We have the mother-in-law, who has filed suit against the father in this case for monies that he has in his possession she claims she owns. That was consolidated into the case, and within 30 days of that, 40 days, something of that nature, the petition to intervene was filed. So now we're going to have three generations of this family into this, what I call a three-ring circus, and what it's become. And the children have, they're antagonistic toward the father. That's not the reason that the father wants these issues to be appropriately determined by the court. He still loves his children. The children each have substantial amounts of money set aside for purposes of education. One has about $125,000 to $130,000. The other has somewhere between $85,000 and $100,000. And that one is in third year or fourth year, so certainly there will be sufficient funds available to finish his education. What's the source of those funds? Well, that's a good question, because there's substantial issues there. Some say it's grandma. Grandma says that, and she's part of these proceedings. The wife says it's her funds that she may have received from grandma, and my client says some of it may have come from grandma, some of it may have come from my wife's earnings, but a good portion of it may have come from our earnings. The point is that these funds were set aside for college purposes, and these children have substantial amounts of money. The husband's situation is one with the distribution of assets. Who knows who's going to get what? This is not a case that can, under any circumstances, settle, unfortunately. It's a disastrous situation, and the bitterness and the antagonism that has been created particularly toward the father by the children now is to the point where that relationship, I just hope time will solve it, but time is not going to solve it if they continue to litigate and if they litigate directly with their parents. The fact is, getting back to the other issues involved, the appellate states that there is no reason that the children cannot be adjudicated direct beneficiaries under the Act, and there is a reason. The Illinois Marriage and Dissolution of Marriage Act doesn't make them direct beneficiaries. It basically gives no rights to anybody other than the husband and the wife. It creates no obligations other than that of the husband or the wife, and it has no authority to extend that direct obligation or benefits to anybody other than the husband and the wife. The only way that this Act could be changed to make them direct beneficiaries, I guess, is if the court could rule or if the legislature specifically provides for it, and in 506, I don't believe that's what they did. They gave the right, a discretionary right, because they spoke in line of the court may order, may do this, may make the order for an appointment of an attorney to represent the children in a certain issue. But what it doesn't do is give any substantive rights under that Act to any third parties, including the children. No substantive acts. It's a procedural thing of appointment, but unless there's something substantive that they have a right to get under the Act, then to make that appointment, I think, is violative of the intention of that Act. So I don't think it changes anything relative to the status. Counsel, what we're reviewing here, is it a de novo review of the court's statutory interpretation or is it an abuse of discretion review of how the court rules on the intervention? Well, he didn't present it as an abuse of discretion. But, you know, my argument is it can conceivably be both. I think the court ruled on the basis of what my position is, basically, it's standing, that they have no standing. They're not third party beneficiaries. There's no contractual obligation. So they basically have no standing to come into the case. I believe the court ruled on that basis. I think the court considered the bag of worms that would be created by an order that kind of opened a door to every kid getting a lawyer and how generally these kids, if they're minors or if they're college age, are going to get money to put together to hire a lawyer without the assistance of one of the parents who's been embittered against the other. But just dealt with those issues. However, in doing so, they denied it. And in denying it, one can interpret it also as well, that they exercised their discretion by saying this is just not a good idea. And to do that might cause tremendous, tremendous problems in the future with all the other thousands of cases that are pending. Just imagine what could happen if it just caught on. And I can't imagine that it won't. Lawyers will make a lot of money because they'll be an additional lawyer for every one of the divorce cases filed. And not only that, but the cases will then become real bitter and they'll be more contested than there ever was. And maybe I'm a naysayer and looking bad at the future, but based upon my experience, I realistically see that happening. And I don't see anything else but that happening if things just get opened up that wide. Section 513 of the Act doesn't grant any substantive rights to the children. It just says that the court can consider the extent of their own assets. But, you know, in most situations, these assets came from contributions of the parents. So contributions have been made already to the assets that are set aside for college education expenses. I just perceive this as bitterness of the wife to attempt to get him any way she possibly can. I mean, that's the reality of the situation. And in doing so, we're going to alienate everybody against him, starting with her mother. And now we've got – and all this happened within a relatively short period of time. And now we've got the same thing brought by – he's got his children wanting to basically sue him. I mean, the whole thing collapsed there. I think that's the basis of it. I think the court can rule on the matter of discretion and or, and I think most importantly, should rule on the basis that the children basically have no rights relative to the divorce proceeding. None whatsoever. They may have some benefit that accrues from that. It's possible. But that doesn't create rights according to case law. Thank you. Thank you, sir. Five minutes, sir. Thank you. Appreciate that. So Mr. Burke says that Section 513 gives no substantive rights to the children. I beg to differ. Looking at 513, it says the court may make provision for the educational expenses of the child or children of the parties, whether of minor or majority age, which sums may be ordered payable to the child, to either parent or the educational institution. If that's not a statute granting substantive rights to adult children, I don't know what is. It says may not shall plus – It says may. What's that? It says may. Yes. Okay. It says may not shall. Right. It doesn't put in any ingredients in here that would tell you how to mix the cocktail to get this started. Okay. And then, by the way, it does say, you're correct, after attaining majority, you can receive support. But it's triggered by the petition. Now what appears to save and make 513 workable is the amendment by the General Assembly that require parents to be obliged to – and, again, it's may. General Assembly amended this act to say that circuit court, as equity may require, because that's in 513, may order either or both parties to a divorce to provide for the educational expenses of non-minor children. Absent that clause in that statute, you'd never be able to get the parties to the table in many instances where they would want – and they have to come to a conclusion. The point is there's somebody that initiates this and files the petition, which the mother has done. So it's that that triggers 513. 513 has no operative language in it that makes the state do that. Certainly not. But the issue is whether or not my clients should be parties under 2406 or 2408, which has to be enforced as written. That's what we're saying the trial court didn't do. They have sufficient interest because 513 grants them that right. They had the right to have representation before they were minors, and it shouldn't end now. And what I want to say as to what Mr. Burke says about this opening the floodgates, two things. Number one, the Vondra family circus is apparently open. He says it's three rings. It's pretty bad, maybe. So another ring isn't going to make this case any worse when there are already allegations made, the children hate me, et cetera. I'm concerned about the rights of these children. I'm not as concerned about the next case. But secondly, the court should know, and I know Justice Harris would know this as well, that in virtually every contested custody case of minors in Cook County, there is a child representative appointed. It's the same thing. So the children are parties. It doesn't seem to bother the courts in that case having three lawyers instead of two for basically every custody case. There's no reason that this should. When the party is here, my clients are adults. They have rights. They could be witnesses. As counsel says, their financial resources are expressly set out as a statutory right, and I vehemently disagree with what he said about, well, the court doesn't have the power to make them pay their own money. It's basic common sense. If the court only orders the parents to pay 50%, who else is going to pay those 50%? Children. Counsel, doesn't everyone agree that money is set aside for educational purposes? There is a certain amount of money, which has been alleged. That doesn't necessarily cover everything, and that doesn't mean that it's solely for the purpose of college. A UTMA account is a gift to the child. Why should they have to use all of their money? That's why they need it. There's nobody giving that side of the story. That's why my clients need to be in, to explain maybe why at first blush there's money there, but why should they have to pay for all of their college? They may have other needs. Do we know the condition of the gift? Do we have any idea what that is? As counsel stated, I think each party sort of has their own. As it came out, everybody says it came from them, which is part of what's going to have to happen at the trial. And, again, another reason we need a ticket to the party. We get to ask our own questions and find these things out because they're going to be relevant. Because, as Justice Simon said, it's not mandatory. It's permissive. It's not an automatic, oh, yeah, parents are going to pay. There weren't guidelines for child support. It's not going to be parents are going to pay X percent. It has to be litigated. We need the rights of a party. What counsel said about, he cited, for example, that Miller case, which was a third district case 25 years ago before the amendments to Section 506. And, again, not a joinder case, not an intervention case. None of these cases that have come out address both of those statutes as I have done. And it has to be looked at in context of the best interests of the children. That's what we're supposed to be supporting. Counsel has already conceded. He said this case is not going to settle. So there's not going to be a settlement agreement. So based on what he says, there can be no party right. My client shouldn't be prejudiced because his parents can't come to an agreement to bring it under those cases. And that's all I have, Justices. I greatly, again, appreciate all the time. Thank you. Thank you very much, gentlemen. Thank you. The court will take this case under advisement. We are adjourned.